UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

ROY R. MACE, III                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 4:15-CV-P97-JHM

JOE BLUE                                                          DEFENDANT

<u>**MEMORANDUM OPINION**</u>

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  This matter is before the

Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).  For the

reasons set forth below, the action will be dismissed.

**I.      FACTUAL ALLEGATIONS**

Plaintiff is currently housed at the Hopkins County (Kentucky) Jail.  In the Complaint,

Plaintiff first alleges that he is a protective custody inmate who has been placed with general

population inmates at various times in violation of "jail policy."  He alleges that during these

times threats were made against his life and his "commissary and property" were stolen.  He

further alleges that he reported these issues to "staff" but that nothing was done about the issue.

He alleges that he told staff that if he "had to continue being done this way, [he] would just as

soon be dead"  and that after he made this statement he was placed on suicide watch for fifteen

minutes. Finally, Plaintiff alleges that he filed grievances to get his "property and commissary

back" but was told that the jail was not responsible for such.

Plaintiff next alleges that he was charged $120.00 in medical services even though he

never completed a "sick-call" request.  He alleges that these charges violate jail policy which

states that "an inmate will only be charged if they request services in writing by way of a signed

sick-call form." He further alleges that upon a filing a grievance related to this issue, he was refunded only $30.00.

Plaintiff next alleges that based upon his calculations of his commissary and money order receipts, $127.00 from his prison account is "unaccounted for." He alleges that he has also filed grievances related to this issue but that the grievance responses have been either "it is correct" or "it cannot be verified."

Finally, Plaintiff claims, that as a result of these allegations, his "rights to life, liberty, pursuit of safety and happiness, acquiring and protecting property have been violated," as well as his right to equal rights and protection, the right not to be discriminated against for any reason, and [his] rights to religious services."

Plaintiff has sued Joe Blue, Hopkins County (Kentucky) Jailer, in both his individual and official capacities for these violations of his rights. As relief, Plaintiff seeks monetary and punitive damages and any and all other relief the Court deems appropriate.

## II.      STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.   ANALYSIS

### A.  Official-Capacity Claims

As stated above, Plaintiff has sued Defendant Blue in both his official and individual capacities.  "Official-capacity suits . . . 'generally represent another way of pleading an action

against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendant Blue are actually against Hopkins County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, the Court finds that Plaintiff has not stated a claim against Defendant Blue in his official capacity for any alleged deprivation because he has not alleged that any deprivation was the result of an official custom or policy.  Rather, Plaintiff twice notes that his claims are based upon jail officials violating "jail policies."  As such, the Court holds that the Complaint fails to establish a basis of liability against Hopkins County and will dismiss the official-capacity claims against Defendant Blue.

**B.  Individual-Capacity Claims**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**1.  Eighth Amendment**

**a.  Deliberate Indifference to Safety and Property**

Plaintiff first alleges that his rights were violated when he was placed with general population inmates who threatened his life and stole his property.  A prison official may be held liable under the Eighth and Fourteenth Amendments for acting with "deliberate indifference" to an inmate's safety if he knows that the inmate faces a substantial risk of serious harm and yet disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825 (1994); s*ee also Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). The Supreme Court set out two requirements for liability in this situation: (1) "the deprivation alleged must be,

objectively, 'sufficiently serious' . . . . The inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm; and (2) a [jail] official must have a . . . . state of mind . . . of 'deliberate indifference' to inmate health or safety." *Id.*  Generally, a failure to protect a prisoner's property does not state an Eighth Amendment claim because it does pose a risk to an inmate's safety . *Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002).

Here, however, even if the Court assumes that this situation was sufficiently serious to constitute a constitutional violation, it still must dismiss the claim of deliberate indifference to safety and property against Defendant Blue in his individual capacity because Plaintiff has not alleged that Defendant Blue directly participated in, or even knew about, the events related to this claim.  In so finding, the Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees."  *Hays*, 668 F.2d at 872.  "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).  Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

### 2.  Fourteenth Amendment

#### a.  Deprivation of Property Without Due Process

Plaintiff also alleges that he was erroneously charged, in violation of "jail policy," for medical services that he did not request in writing "on a signed sick-call form."  He does not specify whether he received the services for which he was charged.  He does allege that he challenged the wrongful charges through a grievance process and that a portion of them were refunded to him as a result.  Plaintiff also alleges that, according to his calculations, $127.00 from his prison account is "unaccounted for."  He alleges that he similarly filed grievances related to this missing amount and the grievance responses either stated that "it is correct" or "it cannot be verified."

A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate.  *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995).  Kentucky has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants.  *See Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985).  Consequently, Plaintiff's claims related to his lost property must be dismissed.

#### b.  Equal Protection and Discrimination

In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment pursuant to § 1983, a plaintiff claiming discrimination must ordinarily allege that a state actor intentionally discriminated against him because of his membership in a protected class.  *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990).  It is also possible for a plaintiff to proceed as a "class of one."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per

curiam).  In order to establish a cause of action under the Equal Protection Clause based on a "class of one," Plaintiff must demonstrate "'that [ h]e has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (internal citation omitted).

Plaintiff's complaint does neither.  Instead, he asserts "discrimination" with no mention of a membership in a protected class or any assertion that similarly-situated people were treated differently.  Thus, Plaintiff has failed to state a claim of a violation under the Equal Protection Clause.

### 3.  First Amendment

#### a.  Denial of Religious Services

Finally, Plaintiff indicates that he would like to bring a claim for denial of religious services. He, however, makes no allegations in support of this claim.  For this reason, the Court will dismiss the claim.

### IV.    CONCLUSION

For the foregoing reasons, all claims against Defendant Blue will be dismissed by separate order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: November 24, 2015

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Defendant
       Hopkins County Attorney
4414.011

8