UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

ROY R. MACE, III                                                                                    PLAINTIFF

v.                                                                     CIVIL ACTION NO. 4:15-CV-P97-JHM

JOE BLUE *et al.*                                                                              DEFENDANTS

**MEMORANDUM OPINION**

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint (DN 17) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. PROCEDURAL HISTORY**

Plaintiff, proceeding *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action on July 27, 2015. On September 14, 2015, Plaintiff sent a letter (DN 10) to the Court which seemed to indicate that, among other things, he desired to add allegations and Defendants to his original complaint. The Court entered an Order (DN 11) on October 21, 2015, directing Plaintiff that he had 30 days from entry of the Order to file an amended and/or supplemental complaint on a Court-approved § 1983 form. Plaintiff did not file an amended or supplemental complaint and on November 30, 2015, the Court conducted an initial screening of Plaintiff's original complaint. By Memorandum Opinion (DN 12) and Order (DN 13) entered this same date, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted.

On December 18, 2015, Plaintiff filed a motion for extension of time to file supplemental pleadings (DN 14) which the Court construed as a motion to reopen the action. The Court

granted this motion by Memorandum and Order (DN 16) because Plaintiff stated that he had been transferred to another facility and the docket sheet indicated that, presumably due to this transfer, he had never received a copy of the November 30, 2015, Memorandum Opinion and Order dismissing his action. On February 8, 2016, Plaintiff filed the amended complaint (DN 17) that is now before the Court.

## II. SUMMARY OF AMENDED COMPLAINT

In his amended complaint, Plaintiff names the following five Hopkins County Jail officials as Defendants – Joe Blue, Hopkins County Jailer; James Fransic, Correctional Officer; Cpl. Browning, Correctional Officer, Sgt. Lampton, Correctional Officer, and "Jane Doe," Booking Officer. He sues each Plaintiff in both their official and individual capacities.

Plaintiff alleges that on February 26, 2015, he was transferred from Adair Regional Jail to Hopkins County Jail "on the charge of failing to register for a conviction as a charge of sexual gratification out of the state of Indiana." Plaintiff alleges that upon arriving at the Hopkins County Jail, he "informed the Booking Officer ([Defendant] Jane Doe) that [he] wanted protective custody due to the nature of [his] charges." Plaintiff alleges that Defendant Doe told him that "his charges did not reflect sex offender status . . . [s]o [he] was forced into a twenty man cell in General Population."

Plaintiff alleges that after he had been in the general population for approximately one week, "the other inmate(s) found out that [he] was a sex offender and begin to threaten [his] life and steal [his] canteen." Plaintiff alleges that he reported this to Defendants Browning and Lampton but that they left him in the 20-man-cell.

Plaintiff alleges that approximately one month after informing the "Defendants" of the problem, "[He] told them if they were going to leave [him] in the cell [he] just as well go ahead

and kill [himself] if [he] had to keep on living the way there were making [him] live." Plaintiff alleges that, as a result of this statement, he was placed on suicide watch for two to three weeks. He then states that he was taken off suicide watch and placed in protective custody.

Plaintiff concludes his amended complaint as follows:

> Thus, by the inaction of the officers at the time of processing and by those after I had informed them of my treatment I was receive at the hands of other offenders did nothing less then to place my safety and well being in jeopardy and this is in violation of my constitutional rights to be free from being subjected to Cruel and Unusual Punishment and subjecting me to personal injury.

Plaintiff does not make any specific allegations against either Defendant Joe Blue or Defendant Fransic in his amended complaint. Plaintiff seeks monetary and punitive damages.

The Court notes that Plaintiff made these allegations and additional allegations in his original complaint, all against Defendant Blue only, and that the original complaint was dismissed for failure to state a claim upon which relief may be granted.

### III. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### IV. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v.*

*Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To state a claim against a prison official under the Eighth Amendment, an inmate must demonstrate that he is incarcerated under prison conditions that pose an objectively substantial risk of serious harm and that the prison official had the culpable state of mind of deliberate indifference to the inmate's health or safety. *Id.* at 838. A sufficiently serious deprivation satisfies the objective component, and a "sufficiently culpable state of mind" satisfies the subjective component. *Id.* at 834.

In prison condition cases, to satisfy the culpable state of mind component, a prisoner must demonstrate that the prison official acted with deliberate indifference to the inmate's health or safety. *Id.* "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. The Supreme Court has explained that "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* The Court further explained "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To ascertain whether Plaintiff has stated a claim for deliberate indifference to his safety, the Court will first consider whether the objective prong of the Eighth Amendment standard has been met – that is, whether Plaintiff's allegations indicate that he was incarcerated under "conditions posing a substantial risk of serious harm." As set forth above, Plaintiff alleges that despite being a sex offender, he was placed in the general population for approximately one month. He alleges that while he was in the general population, his "life was threatened" and his canteen goods were stolen.

At the outset, the Court notes that Plaintiff has no constitutional right to a particular classification. The law is clear that inmates have no constitutional right under the Due Process Clause of the Fourteenth Amendment to be incarcerated in any particular institution, a particular part of an institution, or a particular security classification, unless the state has created a liberty interest in remaining at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-229 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). This is not the case in Kentucky, where classification, segregation, and transfer of prisoners are within the discretion of the corrections department. Ky. Rev. Stat. § 197.065. *See also Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (confinement in particular part of prison or jail does not implicate due process absent "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

With respect to the alleged threats of harm by other inmates, while prison officials have an obligation to protect prisoners from injury by other inmates, Plaintiff has not shown that any failure to take the alleged threats seriously resulted in physical harm to him or that the threat of harm is ongoing at this point. In order to state a claim for damages based on a violation of his

rights under the Eighth Amendment, the plaintiff must allege that he suffered some physical injury. *See, e.g., Saunders v. Tourville*, 97 F. App'x 648, 649 (7th Cir. 2004) ("[A]n inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment."); *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (affirming dismissal of claim for damages based on threats that did not result in physical harm). While Plaintiff would not necessarily need to show actual harm in order to be entitled to injunctive relief, Plaintiff does not seek injunctive relief and, even if he did, his amended complaint indicates that he has been transferred to another facility. *See Wilson*, 148 F.3d at 600 (affirming dismissal of a claim for injunctive relief where the plaintiff did not allege that he remained in danger). The Court therefore finds that Plaintiff fails to state a claim based on the prison officials' failure to take threats against him seriously.

With regard to the alleged theft of Plaintiff's commissary items by another inmate, theft by another inmate, *per se*, does not give rise to a constitutional claim because the other inmate is in no sense a "state actor." *See, e.g., Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002) ("Generally, a failure to protect a prisoner's property does not state an Eighth Amendment claim because it does pose a risk to an inmate's safety."); *see also Boyd v. Corr. Corp. of Am.*, No. 3:13-cv-1207, 2014 U.S. Dist. LEXIS 132, at *7-8 (M.D. Tenn. Jan. 2, 2014) ("At best, Plaintiff would have a state-law tort claim for theft against the other inmate.")

Thus, because Plaintiff has failed to allege that he was incarcerated under "conditions posing a substantial risk of serious harm," he has failed to allege a constitutional violation under the Eighth Amendment, and the Court need not consider whether each Defendant was deliberately indifferent to his needs and liable to him in either their individual or official capacities.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's action will be dismissed by separate Order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: May 12, 2016

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                              **United States District Court**

cc:    Plaintiff, *pro se*
        Defendants
        Hopkins County Attorney
4414.011